UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORTHSHORE PHARMACY,

   Plaintiff,

 v.

SOUTHERN ALLIANCE COMPANY, INC.
d/b/a T & S SUPPLY and
JAY GOINS,

   Defendants.

Case No.: 21-CV-605

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiff, Northshore Pharmacy ("Plaintiff"), brings this action on behalf of itself and others similarly situated, through its attorneys, and except as to the allegations pertaining to Plaintiff and its attorneys, which are based on personal knowledge, alleges the following upon information and belief against Southern Alliance Company, Inc. d/b/a T & S Supply and Jay Goins ("Defendants") for violations of the Telephone Consumer Protection Act. In support, Plaintiff states as follows:

### INTRODUCTION

1. This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without the recipients consent or a prior business relationship.

Additionally, each fax must contain a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes like those the Defendants send.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and injunctive relief to preclude Defendant from committing future TCPA violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over each Defendant because both have committed illegal acts in this District by causing the transmission of unlawful communications into the District.

7. Venue in this district is proper because for the same reason.

8. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

## PARTIES

9. Plaintiff, Northshore Pharmacy is a Wisconsin corporation located in Shorewood,

Wisconsin.

10. Defendant Southern Alliance Company sells healthcare products. Its principal place of business is at 7107 Gadsden Highway, Trussville, Alabama. It is organized under the laws of Alabama.

11. Defendant Jason Goins is President of Southern Alliance Corporation. He is its registered agent. He resides at 7421 Lucky Circle, Pinson, AL 35129.

## **FACTS**

12. The Defendant sent unsolicited advertisements to Plaintiff's ink- and-paper facsimile machine. The faxes advertise various medical supplies. Copes of some of the faxes are attached hereto and marked as follows:

   a. Exhibit A is a fax Defendant sent and Plaintiff received on March 12, 2021.

   b. Exhibit B is a fax Defendant sent and Plaintiff received on March 12, 2021.

   c. Exhibit C is a fax Defendant sent and Plaintiff received on March 17, 2021.

   d. Exhibit D is a fax Defendant sent and Plaintiff received on March 19, 2021.

   e. Exhibit E is a fax Defendant sent and Plaintiff received on March 20, 2021.

   f. Exhibit F is a fax Defendant sent and Plaintiff received on March 24, 2021.

   g. Exhibit G is a fax Defendant sent and Plaintiff received on March 26, 2021.

   h. Exhibit H is a fax Defendant sent and Plaintiff received on March 31, 2021.

   i. Exhibit I is a fax Defendant sent and Plaintiff received on March 31, 2021.

   j. Exhibit J is a fax Defendant sent and Plaintiff received on April 2, 2021.

   k. Exhibit K is a fax Defendant sent and Plaintiff received on April 30, 2021.

   l. Exhibit L is a fax Defendant sent and Plaintiff received on April 7, 2021.

   m. Exhibit M is a fax Defendant sent and Plaintiff received on April 9, 2021.

3

Case 2:21-cv-00605-LA   Filed 05/14/21   Page 3 of 12   Document 1

n. Exhibit N is a fax Defendant sent and Plaintiff received on April 14, 2021.

o. Exhibit O is a fax Defendant sent and Plaintiff received on April 16, 2021.

p. Exhibit P is a fax Defendant sent and Plaintiff received on April 21, 2021.

q. Exhibit Q is a fax Defendant sent and Plaintiff received on April 21, 2021.

r. Exhibit R is a fax Defendant sent and Plaintiff received on April 23, 2021.

s. Exhibit S is a fax Defendant sent and Plaintiff received on April 28, 2021.

t. Exhibit T is a fax Defendant sent and Plaintiff received on April 30, 2021.

13. Exhibit A through T are examples of the junk faxes Defendants send.

14. In the past six months alone, Defendants sent dozens of unsolicited faxes to Plaintiff's ink-and-paper facsimile machine.

15. Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

16. Defendants did not and do not have prior existing business relationship with Plaintiff.

17. The Plaintiff received the faxes on a traditional fax machine, which automatically prints each facsimile advertisement sent by the Defendants.

## **CLASS ACTION ALLEGATIONS**

16. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants.

Excluded from the Class are the Defendants, their employees, agents and members of the Judiciary. Plaintiff seeks to certify a class that includes but is not limited to the fax

4

Case 2:21-cv-00605-LA   Filed 05/14/21   Page 4 of 12   Document 1

advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

17. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

18. <u>Commonality (Fed. R. Civ. P. 23(a)(2)):</u> Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

  (a) Whether the Defendants sent unsolicited fax advertisements;

  (b) Whether Defendants' faxes sent to other persons, not the Plaintiff, constitute advertisements;

  (c) Whether the Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

  (d) The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A-U, other unsolicited faxed advertisements;

  (e) Whether the Defendants faxed advertisements without first obtaining the recipient's prior express invitation or permission;

  (f) Whether the Defendants sent the unsolicited faxed advertisements knowingly or willfully;

  (g) Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

  (h) Whether the Defendants should be enjoined from faxing advertisements in

the future;

(i) Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

(j) Whether the Court should award treble damages.

19. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of the Defendants advertising products, goods, or services of the Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for himself and all class members based upon the same federal statute. The Defendants have acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes without prior express invitation or permission.

20. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

21. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that the Defendant may assert and attempt to prove will come from the Defendants' records and

6

Case 2:21-cv-00605-LA   Filed 05/14/21   Page 6 of 12   Document 1

will not require individualized or separate inquiries or proceedings;

(c) The Defendants have acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) The Defendants identified persons to receive the fax transmissions and it is believed that the Defendants' and/or Defendants' agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 et seq.

22. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless the three-part safe harbor in 47 U.S.C. § 227(b)(1)(C) is satisfied.

23. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

24. **The Faxes.** At least from March 12, 2021, the Defendants have sent advertisements via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Faxes constituted advertisements under the Act and the regulations implementing the Act. The Faxes were transmitted to persons or entities without their prior express invitation or permission.

25. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, the Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission. By virtue thereof, the Defendants violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that the Defendants may be continuing to send unsolicited advertisements via facsimile transmission in

violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

26. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id*.

27. The TCPA is a strict liability statute, so the Defendant are liable to the Plaintiff and the other class members even if their actions were only negligent.

28. The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given prior express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' products, goods or services; (b) that Defendants had no established business relationship with Plaintiff or other class members; (c) the Defendants transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice; and (e) Defendants' transmission of advertisements without the required opt-out notice and without prior express invitation or permission was unlawful.

29. Defendants have been sued in federal court for violating the TCPA. They plainly know the law's restrictions based on the prior action and consumer complaints.

30. The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used the Plaintiff's and the other class members' telephone lines and fax machines. The Defendants' faxes cost the Plaintiff and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing Defendants'

9

unauthorized faxes. That time otherwise would have been spent on the Plaintiff's and the other class members' business activities. Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

## **CLAIM FOR RELIEF**

### **Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

31. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

32. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

33. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47

10

U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

35. Plaintiff never consented to receiving Defendants' fax advertisements.

36. Defendants did not have an established business relationship with Plaintiff.

37. The Defendants faxed unsolicited advertisements to Plaintiff.

38. The Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for the Defendants to fax advertisements about its products; and (b) that Exhibits A-T are advertisements.

39. Defendants' actions caused actual damage to Plaintiff. The Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's fax machines. The Defendants' faxes cost Plaintiff time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

40. Exhibit U is a printout from the website, 800notes.com. It shows consumer complaints about Defendant's blast faxing practices. It also shows that despite their efforts, class members cannot get Defendants to stop faxing them.

41. In addition to statutory damages (and the trebling thereof), Plaintiff is entitled to declaratory and injunctive relief under the TCPA.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Northshore Pharmacy, individually and on behalf of all others similarly situated, demands judgment in his favor and against the Defendants, Southern Alliance Corporation and Jay Goins, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class, and appoint

the Plaintiff's counsel as counsel for the class;

  B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

  C. That the Court enjoin the Defendants from additional violations; and

  D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Dated this 14 day of May, 2021.

**HANSEN REYNOLDS LLC**

/s/ Michael C. Lueder
 Michael C. Lueder
 mlueder@hansenreynolds.com
 Hansen Reynolds LLC
 301 N Broadway, Suite 400
 Milwaukee, Wisconsin 53202
 Ph: 414-455-7676
 Fax: 414-273-8476

*Attorneys for Plaintiff*